IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.M., by and through his parents, Michael C. and Danielle C., Plaintiffs, | |
| v. | CIVIL ACTION No. 21-4266 |
| CHICHESTER SCHOOL DISTRICT, Defendant. | |

## MEMORANDUM

On March 24, 2022, I granted Plaintiff S.M.'s motion for a preliminary injunction and denied Defendant Chichester School District's motion to dismiss S.M.'s complaint. ECF No. 22. Defendant Chichester School District ("Chichester") appealed my order on April 4, 2022, and brings this motion for reconsideration of my order. ECF No. 23. In the alternative, Chichester moves for a stay of the preliminary injunction pending appeal. ECF No. 23. For the reasons stated below, reconsideration is not warranted and Chichester has not met the burden for a stay pending appeal. Therefore, I will deny both motions.

On June 3, 2022, Chichester also moved for clarification, requesting clarification whether the order was final and dispositive of all issues in the case. ECF No. 33. For the reasons stated below, I will clarify that the order was not final and dispositive.

### I. Motion for Reconsideration

To prevail on a motion for reconsideration, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for

1

summary judgment; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Chichester argues that reconsideration is appropriate to correct a number of legal errors in this court's March 24, 2022 order.

Chichester argues first that this Court "based its grant of a preliminary injunction" on dicta in the hearing officer's decision, rather that findings of fact. ECF No. 23, at p. 13. Even assuming *arguendo* that the hearing officer's analysis of S.M.'s need for a residential placement was dicta,[1] this court's order was not contingent on the hearing officer's analysis. A district court reviewing a state administrative decision under the IDEA must base their decision on the full record of the administrative proceedings and any additional evidence put forth by a party, while affording due weight to factual findings of the administrative law judge. 20 U.S.C. § 1415(i)(2)(c); *S.H. by State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 269 (3d Cir. 2003). Upon reviewing the record in its entirety, including testimony from a number of S.M.'s former teachers and clinicians, S.M.'s mother's testimony at the administrative hearing and her affidavit to the court for the preliminary injunction hearing, I found that S.M. was in need of residential educational placement. ECF No. 21, at p. 6. I afforded due weight to the hearing officer's nine pages of factual findings regarding S.M.'s background and needs, which included S.M.'s prior experiences with non-residential placements. *See* ECF No. 9-3, at pp. 5-13. The record *as a whole* established S.M.'s need for a residential educational facility. This was not a clear error of law.

---

[1] The hearing officer found that the record "more than preponderantly establishes that the student cannot currently derive a benefit from education without the intensive behavioral support provided by a residential placement." ECF No. 9-3, at p. 35. This analysis was undertaken explicitly to avoid the necessity of a remand, and therefore was unlikely to be intended as merely dicta to be afforded no deference on appeal. *See* ECF No. 9-3, at p. 36 ("In recognition that my interpretation is novel and not owed deference should the Parents appeal, I exercised my discretion by evaluating the appropriateness of the contingent IEP *to avoid the post-remand circumstances of the I.H. case*.") (emphasis added).

Second, Chichester takes issue with this court's acceptance "without challenge" of S.M.'s mother's declaration as factual evidence. ECF No. 23, at p. 16. Danielle Ciavarelli, S.M.'s mother, submitted a declaration as part of S.M.'s motion for preliminary injunctive relief. ECF No. 10-4. Chichester argues now that the declaration is "self-serving" and "makes assertions of fact that are simply not true." ECF No. 23, at p. 16. But Chichester did not challenge this declaration at any point in their response to the motion for a temporary restraining order or at the hearing held before this court on the motion. In their response, Chichester criticized the declaration for "not provid[ing] any additional information about Student's risk of imminent discharge from the RTF," but did not suggest that any part of the declaration cited by the court was factually inaccurate. ECF No. 18, at p. 14. And at the evidentiary hearing by the court, they provided no evidence to contradict or challenge the declaration. Indeed, the court accepted the declaration "without challenge" because it was just that—without challenge. Notably, in an appeal from a hearing officer's decision, a district court may hear any evidence a party requests to put forth in conjunction with the administrative record. 20 U.S.C. § 1415(i)(2)(c). Chichester did not request to put forth evidence, present a competing declaration, or even cross-examine Ms. Ciavarelli. The declaration was therefore appropriately considered in conjunction with the administrative record.

Third, Chichester argues that this court effectively granted a permanent injunction because the preliminary injunction does not have an end date. A preliminary injunction need not have an end date to be effective; rather, it operates until a full trial on the merits occurs. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The preliminary injunction in this case, like any preliminary injunction, will be in operation until a trial on the merits has resulted in a final decision. *Id.* at 395. The lack of an explicit end date in the injunction does not make it

permanent, and therefore, reconsideration is not appropriate on this basis.

Finally, Chichester argues that it was clear legal error for the court to not address whether the court lacked subject matter jurisdiction, which Chichester raised in their motion to dismiss. ECF No. 4. The court did consider Chichester's arguments, which were argued at the Rule 16 conference on January 19, 2022 and denied them as meritless. ECF Nos. 8, 22. Chichester's motion to dismiss was based on lack of ripeness because of the hearing officer's legal conclusion that "imminency – a provable, imminent transfer or termination of third-party funds – is a necessary factor to establish entitlement to a contingent IEP in a Section 1306 case." ECF No. 4; ECF No. 9-3, at p. 28. This holding by the hearing officer was subject only to plenary review by this court. *Downingtown Area Sch. Dist. v. D.S.*, 2022 WL 523563, at *7 (E.D. Pa. Feb. 22, 2022) (citing *Carlisle Area Sch. Dist. v. Scott P.*, 62 F.3d 520, 528 n.3 (3d Cir. 1995)). This court found explicitly against the hearing officer's legal conclusion, noting that "[i]mminency is not a requirement found in 24 P.S. § 13-1306, the IDEA, or Third Circuit precedent."[2] ECF No. 21, at p. 5. Imminency was the hearing officer's interpretation—acknowledged to be a novel one—of one district court case, which does not impose a clear imminency requirement *and* is not binding on this court. ECF No. 9-3, at p. 28. Therefore, it was not clear legal error to deny Chichester's motion to dismiss for lack of subject matter jurisdiction. Because Chichester has not identified any clear legal errors in this court's order, reconsideration is not warranted.

---

[2] In a supplement to Chichester's motion, they state, "[a]s the Court has noted previously, the imminency of Student's discharge from the Elwyn Institute [is] a key factor in the Court's analysis of whether Student is entitled to a contingent IEP." ECF No. 28. This court has never noted as such and in fact found directly the opposite. ECF No. 21, at p. 5 ("[T]he imminence requirement does not appear in the statutory framework or caselaw cited, and instead is based on an interpretation by the hearing officer."). Chichester does not challenge this finding as legal error in their motion for reconsideration.

## II. Motion for a Stay Pending Appeal

When a party has appealed the grant of an injunction, the court may suspend the injunction pending appeal. Fed. R. Civ. P. 62(c). This is an "extraordinary remedy" that is "rarely granted." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb 8, 2013). The court must consider essentially the same factors that governed the analysis for granting the injunction in the first place: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A party seeking a stay of a preliminary injunction must show a "reasonable chance, or probability, of winning," and that irreparable harm is "more apt to occur than not." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). If the moving party has not made a sufficient showing of *both* likelihood of success on the merits and irreparable harm, there is no need to balance the harms or consider the public interest. *Id.* "The bar is particularly high where . . . the movant is seeking immediate relief from a preliminary injunction granted after an evidentiary hearing, since the movant is effectively asking the court to negate the preliminary injunction that it just granted." *Victoria v. Berks Cnty.*, 2019 WL 2368579 (E.D. Pa. June 3, 2019) (citations omitted).

Chichester has not shown a reasonable chance or probability of winning, because Chichester does not advance any new legal arguments as to why their appeal is likely to succeed on the merits. For the reasons discussed relating to Chichester's motion for reconsideration, Chichester has not identified any errors of law in this court's memorandum that merit reversal. Chichester has also not shown irreparable harm will result absent a stay. Because Chichester has

5

not demonstrated likelihood of success on the merits or irreparable harm, there is no need to proceed to balance the harms to both parties or to consider the public interest. *In re Revel AC, Inc.*, 802 F.3d at 568. However, the balance of harms and impact on the public interest would still weigh against granting a stay. The harm that S.M. suffered has only grown since the injunction was granted and will continue to grow for as long as Chichester delays providing the relief that they have been ordered to provide. *See Blackman v. D.C.*, 277 F. Supp. 2d 71, 79 (D.D.C. 2003) ("[E]ach day a child is denied a free appropriate education . . . he or she is harmed yet again."). Therefore, a stay of the preliminary injunction is not warranted.

### III. Motion for Clarification

Chichester requests clarification whether the court's order granting a preliminary injunction disposed of the case in its entirety. It did not. A preliminary injunction operates to provide relief that protects a plaintiff from irreparable injury during the pendency of a case, and in this case, S.M. is in danger of irreparable harm while he remains in a full-time medical placement without the educational services he requires. The preliminary injunction requires Chichester to "plan for and execute a reasonable and appropriate plan for transitioning S.M. from the RTF where he currently resides, to the residential educational placement the parties mutually select, as soon as practically possible." ECF No. 22. This order does not prevent Chichester from "meeting its statutory obligation to engage in an interactive process with Plaintiffs to determine the appropriate FAPE placement for the Student on at least a yearly basis." ECF No. 23. It also does not require Chichester to "to remove the student from an RTF and place him into a residential School." *Id.* at p. 15. Instead, it requires Chichester *now* to take the necessary steps to provide S.M. with an optional residential educational placement so that he does not remain in a medical facility without the FAPE he is entitled to. The order evaluates only the likelihood of success on the merits, and

does not determine actual success. *Camenisch*, 451 U.S. at 394 (noting that making a determination on a preliminary injunction is not tantamount to determining the merits of a case, because this reasoning improperly equates "likelihood of success" with "success"). Chichester must, and will, continue to evaluate S.M.'s needs and to appropriate placement as is statutorily required going forward, and the court will determine Chichester's long term statutory obligations upon the completion of a trial on the merits.

s/ANITA B. BRODY, J.

ANITA B. BRODY, J.

June 14, 2022
